Atlean TYSON, et al., Plaintiffs,

v.

EQUITY TITLE & ESCROW CO. OF MEMPHIS, LLC, et al., Defendants.

Renee Echols, et al., Plaintiffs,

v.

A USA Mortgage Corp., et al., Defendants.

Nos. CIV. 00–2559 D/A, CIV. 01–2033 D/A.

United States District Court, W.D. Tennessee, Western Division.

Sept. 19, 2003.

Margaret R. Barr–Myers, Esq., Webb A. Brewer, Esq., Sapna V. Raj, Lucille F. Bond, Esq., David Rodney Scruggs, Richard B. Fields, Esq., Memphis, TN, for plaintiffs.

John W. Campbell, Esq., Nanette L. Wesley, Esq., Husch & Eppenberger, John S. Golwen, Esq., Leo Maurice Bearman, Jr., Esq., Baker Donelson Bearman & Caldwell, Jim N. Raines, Esq., Jonathan C. Hancock, Charles Wesley Fowler, Glankler Brown, PLLC, John R. Branson, Esq., Branson & Bearman, Jackie Brown, W. Timothy Hayes, Jr., Esq., Jeannie M. Kosciolek, Chapman Sellers Morrow, Richard S. Wade, Neely Green Fargarson Brooke & Summers, Richard Glassman, Esq., R. Douglas Hanson, Esq., Glassman Edwards Wade & Wyatt, R. Douglas Hanson, Esq., Glassman Jeter Edwards & Wade, Robert F. Uhlmann, Esq., Cochran Uhlmann Abney Duck & Wright, Henry L. Klein, Esq., Apperson Crump Duzane & Maxwell, Bruce M. Smith, Esq., Apperson Crump & Maxwell, PLC, Memphis, TN, Timothy W. Smith, Esq., Neely Green Fargarson Brooke & Summers, James R. Newsom, III, Esq., Hanover Walsh Jalenak & Blair, James L. Kirby, Esq., Michelle M. Drake, Harris Shelton Dunlap Cobb & Ryder, J. Kimbrough Johnson, Esq., Craig C. Conley, Thomason Hendrix Harvey Johnson & Mitchell, Alexander W.

Wellford, Jr., Esq., Humphreys Dunlap Wellford Acuff & Stanton, P.C., Larry A. Weissman, Esq., Anthony Charles Pietrangelo, Esq., John J. Cook, Esq., Bill M. Wade, Memphis, TN, A. William Loeffler, Troutman Sanders, Atlanta, GA, for defendants.

James Allen, U.S. Magistrate Judge, Memphis, TN, for miscellaneous.

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S JANUARY 29, 2003 ORDER COMPELLING BARBARA SPARKS'S TESTIMONY

DONALD, District Judge.

Before the Court is the motion of Atlean Tyson, Mae O. McGee, Barbara Pegues and Michael Pegues, Thelma James, Renee Echols, Ulrica Johnson, Willie D. Johnson, and Linda Haynes and Bobby Haynes ("Plaintiffs") for reconsideration of the magistrate judge's January 29, 2003 Order Denying Plaintiffs' Motion to Compel Testimony of Defendant Barbara Sparks ("Order"). Plaintiffs maintain that the magistrate judge erred in ruling that Defendant Barbara Sparks ("Sparks") should not be compelled to testify, as requested by Plaintiffs in their Motion to Compel Barbara Sparks Testimony and for Sanctions Pursuant to FRCP 37. Plaintiffs assert that 1) the magistrate judge should have provided an analysis as to the applicability of the Fifth Amendment to each of the questions posed to Sparks, and 2) Sparks waived her Fifth Amendment rights. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the following reasons, the Court **DENIES**

Plaintiffs' motion for reconsideration of the magistrate judge's Order.

## I. PROCEDURAL BACKGROUND [1]

Plaintiffs have sued various defendants, including Sparks. They have based their claims on alleged predatory lending practices in connection with the sale of residences to Plaintiffs. Plaintiffs allege multiple causes of action against Sparks and other Defendants, including civil conspiracy claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").

Plaintiffs first deposed Sparks on May 23, 2001. Claiming that she is "a pivotal witness and possesses knowledge of the composition and activities of the enterprise that plaintiffs allege constitute a corrupt organization (for purposes of their 'civil RICO' claims)," Plaintiffs received leave to depose Sparks a second time. They subsequently deposed Sparks on July 18, 2001. In both depositions, Sparks refused to answer several questions, claiming Fifth Amendment protection from self-incrimination.

From the events forming the basis of the instant civil litigation, Sparks could be subject to criminal prosecution. In 2001, Sparks's then-attorney entered into a specialized immunity agreement with a representative of the U.S. Attorney, which was confirmed by a letter ("Letter") from the Assistant U.S. Attorney. The Letter stated that in a potential prosecution of Sparks, the government would not offer in evidence any statements made by Sparks "in connection with discovery in the civil rico [sic] lawsuit filed against her." The government did reserve use of Sparks's testimony for several uses, including cross-examination in future prosecution or pursuit of other evidence.[2]

---

1. Facts are taken from the Order.

2. The exceptions in the June 15, 2001 letter stated:

Notwithstanding paragraph two above [detailing future use of Sparks's testimony], the

government may use: (a) information derived directly or indirectly from statements made by your client for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used in any

After Sparks's second deposition, in which she also pled the Fifth Amendment in response to questions, Plaintiffs moved to compel the testimony of Sparks. Plaintiffs' motion was referred by this Court to the magistrate judge. On January 29, 2003, the magistrate judge issued the Order, which denied Plaintiffs' motion to compel. Plaintiffs now request this Court to reconsider the Order of the magistrate judge.

## II. STANDARD OF REVIEW

Title 28, United States Code Section 636(b)(1)(A) permits a judge to "designate a magistrate to hear and determine any pretrial matter pending before the court" except those matters that are dispositive. A district court may reconsider any pretrial matter ruled upon by a magistrate judge "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). When reviewing a magistrate judge's ruling made pursuant to 28 U.S.C. § 636(b)(1)(A), "the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact." *Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 91 (3d Cir.1992).

## III. ANALYSIS

■ The Court first looks to the nature of Sparks's Fifth Amendment right to be free from self-incrimination. The Fifth Amendment privilege against compulsory self-incrimination protects against any disclosures which a witness reasonably believes could be used in criminal prosecution or could lead to other evidence which might be so used. *Kastigar v. U.S.*, 406 U.S. 441, 444–45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). The privilege may be removed by an offer of immunity. *Id.* at 445–46, 92 S.Ct. 1653. "Use" immunity can exclude from a subsequent criminal trial "only that information to which the Government expressly has surrendered further use." *Pillsbury Co. v. Conboy*, 459 U.S. 248, 260, 103 S.Ct. 608, 74 L.Ed.2d 430 (1983).

■ Since the agreement between the U.S. Attorney and Sparks's attorney stated that Sparks's testimony could be used in her prosecution by the government, her testimony was not surrendered from further use by the government. Sparks is not immune from prosecution, so she had not lost the ability to invoke her Fifth Amendment right to self-incriminating questions in the depositions. Therefore, Sparks's Fifth Amendment privilege was not overcome by the Letter.

### A. Particularized Analysis

■ Plaintiffs allege that the magistrate judge should have conducted a more particularized Fifth Amendment analysis. They request that the magistrate judge analyze the validity of Sparks's invocation of the Fifth Amendment for each of the questions posed.

It is for the court to say whether [the witness's] silence is justified, and to require him to answer if it clearly appears to the court that he is mistaken. However, if the witness, upon interposing his claim, were required to prove the hazard in the sense in which a claim is usually required to be established in court, he would be compelled to surrender the very protection which the privilege is

prosecution of your client by the government; (b) for the purpose of stating a basis in fact at any hearing pursuant to Rule 11 of the *Federal Rules of Criminal Procedure*, any statements made by your client and all evidence obtained directly or indirectly from those statements, for the purpose of cross-examination should your client testify, or to rebut any evidence, argument or representations offered by, or on behalf of your client.

Order at 2.

designed to guarantee. To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. The trial judge in appraising the claim must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.

*Hoffman v. U.S.*, 341 U.S. 479, 486–87, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). Witnesses do not bear the burden of proof on the Fifth Amendment question. *In re Morganroth*, 718 F.2d 161, 169 (6th Cir. 1983). "[S]ufficient evidence is presented by a witness to establish a Fifth Amendment privilege if the court can, by use of reasonable inference or judicial imagination, conceive a sound basis for a reasonable fear of prosecution." *Id.*

 Plaintiffs request that Sparks be compelled to answer questions regarding numerous underlying events, including appraising, selling, and closing on residences. Pl's Objections to Order at 4–5. Answers to each of the questions are reasonably within the ambit of a criminal prosecution under the broad conspiracy provisions of RICO. *See* 18 U.S.C. § 1962(d) (2003). Members of a fraudulent scheme may be liable under RICO conspiracy provisions, if only one participant committed an indictable act. *See Salinas v. U.S.*, 522 U.S. 52, 118 S.Ct. 469, 139 L.Ed.2d 352 (1997) (holding a deputy sheriff could be convicted of conspiracy under RICO, even though he did not accept or agree to accept two bribes, because he was a part of a conspiracy with the sheriff who received the bribes). Answers given by Sparks to such questions could clearly be self-incriminating, because Sparks's testimony about other Defendants could reasonably implicate herself in the criminal conspiracy. The magistrate judge need not use "judi-

cial imagination" to surmise that Sparks was subject to criminal RICO prosecution. Moreover, the magistrate judge noted that the parties do not dispute that Sparks's testimony could lead to criminal charges against her under RICO. Order at 2–3. The magistrate judge was aware of the criminal charge that Sparks was facing and that the posed questions related to the charge. Therefore, the magistrate judge performed the necessary particularized inquiry into Sparks's invocation of the Fifth Amendment. His order was not clearly erroneous or contrary to law, so the motion to reconsider the magistrate judge's analysis is denied.

## B. Waiver

Plaintiffs also argue that Sparks has waived her Fifth Amendment right. An "effective waiver of a constitutional right is the intentional relinquishment or abandonment of a known right or privilege. Courts indulge every reasonable presumption against waiver of fundamental constitutional rights." *College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 682, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999); *See also Ohio Bell Telephone Co. v. Public Util. Comm'n of Ohio*, 301 U.S. 292, 307, 57 S.Ct. 724, 81 L.Ed. 1093 (1937) (holding that the Supreme Court will not "presume acquiescence" in the loss of fundamental rights).

██ Plaintiffs allege that Sparks waived her Fifth Amendment right because "Sparks had previously agreed in writing to testify fully and truthfully in her deposition." Pls.' Objections to Order at 1. Additionally, Plaintiffs cite that Sparks approached former clients with information that they were subject to predatory lending. Pls.'s Mot. to Compel at 8. Sparks never stated an intention to waive any of her constitutional rights. Plaintiffs do not

put forth sufficient evidence to show that Sparks waived her right to be free from self-incrimination. The magistrate order ruling that Sparks had not waived her Fifth Amendment rights was not clearly erroneous or contrary to law. Accordingly, the Court denies Plaintiffs' motion for reconsideration of the magistrate judge's January 29, 2003 order.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that the magistrate judge's order is not clearly erroneous or contrary to law. Accordingly, the Court **DENIES** Plaintiffs' Objections to the Magistrate Judge's Order Denying Plaintiffs' Motion to Compel Testimony of Defendant Barbara Sparks.